FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 0 9 2004

CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

No. CIV-04-0323 JP/ACT
CR-02-2117 JP

DOMINIC JARAMILLO,[1]

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV Doc. #1; CR Doc. #38) filed March 22, 2004. Rule 4(b) Governing Section 2255 Proceedings. In the motion Defendant asserts that the Court calculated his sentence based on an improper enhancement. He also contends his attorney provided ineffective assistance by not attempting to exclude the enhancement. The motion will be dismissed.

Defendant was convicted of aggravated sexual abuse of a child in Indian country. The criminal statute, in pertinent part, prohibits "in the special maritime and territorial jurisdiction of the United States . . . , knowingly engag[ing] in a sexual act with another person who has not attained the age of 12 years" and specifies a maximum sentence of life imprisonment. 18 U.S.C. § 2241(c). The Probation Office's presentence report made recommended calculations for Defendant's offense level and sentencing range according to the United States Sentencing Guidelines ("U.S.S.G."). The recommended offense level included a 4-point enhancement under U.S.S.G. § 2A3.1(b)(1) for use

---

[1] In the typewritten caption and text of the motion, Defendant's surname is spelled "Jamallio." Defendant's name in the criminal proceeding is "Jaramillo," and the signature on the motion reads "Jaramillo."



of force or threat. At sentencing, the Court accepted the report's recommendations and imposed a 151-month term of imprisonment. The Court denied Defendant's motion for a downward departure on grounds other than those asserted in the instant motion. As part of his plea agreement, Defendant waived appeal rights, and he did not appeal his sentence.

Defendant alleges that there was no evidence that he used force or threats, or that the victim "ever proclaimed . . . that [she] was forced or threatened."[2] Counsel did not investigate the factual basis for the use-of-force enhancement. Counsel also did not consult or advise Defendant about the enhancement, did not determine whether Defendant understood the significance of the enhancement, and made the decision himself not to object to the proposed enhancement. Defendant asserts that his attorney "could have easily learned from many people that [Defendant] had not used force [or

---

[2]     The gravamen of Defendant's motion is that he did not admit to using force or threats and the Court's finding of use of force or threat was not supported by sufficient evidence. Defendant does not expressly assert that he was entitled to a jury finding. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that facts supporting enhancement over statutory maximum must be found by jury). Even if Defendant were claiming a violation of his jury right, *Apprendi* "is not a watershed decision and hence is not retroactively applicable to initial habeas petitions." *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir.), *cert. denied sub nom. Mora v. United States*, 537 U.S. 961 (2002); *United States v. McFadden*, No. 01-6373, 2002 WL 1435913, at \*\*2 (10th Cir. July 3, 2002) (same for § 2255 motions).

This Court has reviewed the recent Supreme Court decision in *Blakely v. Washington*, --- U.S. ---, No. 02-1632, 2004 WL 1402697 (June 24, 2004), which supplements the decision in *Apprendi*. In *Blakely*, on *certiorari* review of a state court criminal appeal, the petitioner sought and won reversal of a sentence greater than the state's guideline range for the offense he pleaded to. The Supreme Court based its ruling on the premise that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts . . . admitted by the defendant.*" 2004 WL 1402697, at \*4 (emphasis in original). The Court in *Blakely* noted that "The Federal Guidelines are not before us, and we express no opinion on them," 2004 WL 1402697, at \*6 n.9, although the dissent strenuously argued that federal sentencing proceedings would be significantly affected by the majority decision, 2004 WL 1402697, at \*17 (O'Connor, J., dissenting). The *Blakely* opinion does not address the question of its applicability on collateral review of a criminal conviction or sentence.

Since *Blakely*, published decisions by district courts have yielded inconsistent results. *Compare, e.g., United States v. Croxford*, --- F. Supp.2d ---, No. 2:02-CR-00302 PGC, 2004 WL 1462111, at \*1 (D. Utah June 29, 2004) (applying statutory maximum), *with United States v. Shamblin*, --- F. Supp.2d ---, No. CRIM.A. 2:03-00217, 2004 WL 1468561, at \*9 (S.D. W. Va. June 30, 2004) (applying base offense level in Guidelines). The sentence imposed on Defendant here conforms with the remedy crafted by the Utah court in *Croxford*. Whether or not the Guidelines are ultimately upheld, under current precedent the *Apprendi* and *Blakely* decisions do not apply to Defendant's initial §2255 motion, *Mora*, 293 F.3d at 1219, and the analysis herein is not based on those decisions.

threat of force or violence."

The recommendation for enhancement was based on a presentence investigation, primarily of statements by the victim. As noted in the report, Defendant sexually assaulted his goddaughter for two or three years; she was nine years old when she first reported the abuse. Defendant conceded that he looked for, and created, opportunities to be alone with the victim. He would remove her clothes if she resisted and would force her legs apart. When the victim attempted to avoid Defendant by locking herself in the bathroom, he would make her come out by threatening to spank her. He told her not to tell anyone about the abuse and she complied, in fear of Defendant. These statements clearly support a finding that Defendant used force or threats in his abuse of the victim. Defendant's assertion that numerous witnesses would refute allegations of force is contradicted by his own concession that the abuse occurred while he was alone with the victim. The motion provides no support for the claim that the enhancement was wrongly applied.

To support his claim of ineffective assistance of counsel, Defendant alleges that his attorney did not investigate the factual basis for, or explain or object to, the enhancement. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). It is assumed, for purposes of this order only, that counsel improperly failed to investigate, explain, or make appropriate objections to the enhancement. As a result, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable

3

probability that, but for counsel's errors, he would not have [received the enhancement]." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995). The motion is reviewed under this standard.

The discussion above of the presentence report, as well as Defendant's guilty plea and statements to investigators, precludes his prejudice argument. Even assuming that not every sexual assault of a 7- to 9-year-old child is effected by use of force or threats, this case presents abundant evidence of such "offense characteristics." U.S.S.G. § 2A3.1(b)(1); 18 U.S.C. § 2241(a). Defendant's motion fails to show a reasonable probability that the enhancement would have been excluded if his attorney had represented him more zealously. *See Hill*, 474 U.S. 52, 59; *Romero*, 46 F.3d 1024, 1033. "As there was no error in the imposition of the sentence . . . , [Defendant] has made no showing of prejudice due to the alleged ineffective assistance of his counsel." *United States v. Tackles*, No. 02-8114, 2003 WL 1849350, at **2 (10th Cir. Apr. 10, 2003). Defendant is not entitled to relief, Rule 4, and the motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV Doc. #1; CR Doc. #38) filed March 22, 2004, is DISMISSED; and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this order.

UNITED STATES DISTRICT JUDGE

4